Green, J.
delivered the opinion of the court.
The question now is, whether this ca. sa. ought to have been quashed upon the return of this bond to the county court of Maury. By the act of 1831, ch. 40, sec. 5, it is enacted, that no writ of capias ad satisfaciendum, authorizing the imprisonment of the person to enforce the payment of money'shall issue, unless the plaintiff or his agent shall make affidavit that the defendant is about to remove, or has removed his property beyond the jurisdiction of the court, or that he has fraudulently conveyed it away, or conceals it to avoid the payment of his debts, or that he has money to pay the demand and fraudulently withholds it from his creditor; in either of which cases the capias ad satisfaciendum may issue.
We concur with the counsel for the plaintiff in error, that as by this act the ca. sa. cannot issue, save in the specified cases of exception, it follows, that in a question properly involving the validity of theca, sa., the onus would be upon the plaintiff to show that his case was within one of the exceptions, and that he had made the affidavit required by by the act. But it is not essential to the validity of the ca. sa. that it should recite upon its face, that an affidavit had been made, setting forth one of the cases of exception. The act of assembly does not require that it should so appear, and therefore, if in a *438 controversy about the validity of the ca. sa. the affidavit be produced in evidence, it will be sufficient. But to bring that question properly before the court, the defendant ought to obtain a supersedeas, and upon return of the ca. sa. move to quash or be discharged from it. But in this case, the plaintiff in error waived any objection that may have existed to the issuance of the ca. sa. by executing his bond, and undertaking to appear and discharge himself under the insolvent laws. The plaintiff in the ca. sa. could not be expected to have the .justice who issued the ca. sa., present with the affidavit, prepared to prove that it issued regularly, after their regularities of it had been acquiesced in by the execution of the bond. No hardship can result from this construction, because it is provided by the latter clause of the 5th sec. of the act under consideration, that the defendant may at any time apply to the court or justice from whom the writ issued, to be discharged therefrom, if the affidavit shall have been insufficient, or the facts stated in it untrue. It follows as a consequence, that if the party is entitled to his discharge where the affidavit is insufficient or untrue, he must be also entitled to his discharge if there be no affidavit at all.
We think, therefore, that the court would be requiring what the legislature has not required, were we to say that the ca. sa. must recite the affidavit, and show upon its face that the pre-requisites to its issuance had been complied with. We hold, that after it was executed upon the plaintiff in error, he waived any objection to the regularity of its issuance, by giving the bond to appear at court and discharge himself by a compliance with the insolvent laws.
Judgment affirmed.